IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,                                ) CRIMINAL CASE NO. CM1211-10
                                               )
            vs.                                ) **DECISION AND ORDER**
                                               ) (Motion to Dismiss)
TAKIS ANDON,                                   )
                                               )
                              Defendant.)

The matter came before the HONORABLE ELIZABETH BARRETT-ANDERSON on December 22, 2011 for Defendant's Motions to Dismiss (hereinafter referred to as "Motion"). Defendant was not present, but was represented by Attorney Suresh Sampath. People were represented by Assistant Attorney General James C. Collins. The Court having considered all the oral arguments, briefs, and materials filed herein now renders the following decision.

Guam's Supreme Court held[1]: "that unless good cause is shown, a complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the filing of the complaint." *People v. Rasauo*, 2011 Guam 14 ¶ 16. Defendant argues that pursuant to *People v. Rasauo,* 2011 Guam 14 (hereinafter referred to as *Rasauo II*"), this case should be dismissed with prejudice because Defendant was not arraigned within sixty (60) days after the Complaint was filed. *See also* 8 GCA § 60.10. People argue that the Court should find good cause exists for the delay, and therefore, the dismissal would be inappropriate. As required by *Rasauo II*, this Court will review the specific facts in this case to determine whether or not there was good cause for the delay in arraigning Defendant beyond the sixty (60) days after the Complaint was filed. *Rasauo*, 2011 Guam 14 ¶¶ 10, 14.

Defendant was arrested on January 6, 2010 and given a notice to appear ("NTA") with a date of January 5, 2011. On December 21, 2010 the Complaint was filed, but no summons was issued[2]. *Id.* at ¶ 7. On January 5, 2011, Magistrate Court recommended a bench warrant be

---

[1] This holding is hereinafter referred to as the "60 day rule."

[2] Unlike the facts in *Rasauo II*, the Court notes that a summons is now required to automatically be issued on all misdemeanors, upon a filed complaint and affidavit, even when the People do not request for a summons, after a probable cause determination is made. 8 GCA § 15.20(a). Also, currently, all persons arrested for DUI charge are

issued, due to the Defendant not appearing at the noticed hearing. A Bench Warrant was issued on January 10, 2011 and served on the Defendant on August 5, 2011. This Court has no information about why the Defendant did not appear on August 5, 2011, the Defendant's first appearance occurred on August 17, 2011. This Court appointed Defendant representation on August 17, 2011 and set the arraignment for September 7, 2011. Defendant was arraigned after two hundred sixty (260) days had passed from the filing of the Complaint.

The time between the Complaint and the first appearance on August 17, 2011 does violate the 60 day rule announced in *Rasauo II*. The Court notes that the People concede that there is no good cause for the delay between the filing of the Complaint and the NTA date fifteen (15) days later. This amount of delay does not violate the 60 day rule announced in *Rasauo II*; thus the Court will review the other delays to determine if the time after February 21, 2011[3] constitutes good cause or if this case must be dismissed for the 60 day rule violation.

The Court finds that the any delay caused by a defendant's failure to appear at an arraignment that has been properly noticed[4] is good cause. Therefore, the delay of arraignment from January 5, 2011 to August 17, 2011 caused by Defendant's failure to appear is good cause for purposes of the 60 day rule. *People v. Flores*, 2009 Guam 22 ¶ 32 (citing *People v. Johnson*, 606 P.2d 738, 746 (Cal.1980)).

Additionally, the Court must determine if the time the Court allows a defendant to meet and confer with counsel prior to being arraigned is reasonable and constitutes good cause and then determine if the time an arraignment is continued due to lack of an arraignment magistrate constitutes good cause.

Title 8 Guam Code Annotated section 45.30(c) provides that the Court shall allow reasonable time to a defendant to meet and confer with counsel prior to being arraigned. Meeting with and discussing this with counsel allows a defendant to understand the significance

---

brought before a magistrate for a probable cause determination prior to being released; therefore a NTA is not issued.

[3] The sixtieth day falls on Saturday, February 19, 2011; thus pursuant to 8 GCA § 1.25(a) the end of the 60 day rule is February 21, 2011.

of the arraignment process as well as the defendant's rights, which are asserted or waived at arraignment. *Hamilton v. Alabama*, 368 U.S. 52 (1961). It is critical for a defendant to have this understanding at time of arraignment. *See e.g. Huston v. Com.*, 171 S.W.3d 743, 744-45 (Ky. Ct. App. 2005). Further, the concerns of Guam's Supreme Court in *People v. Rasauo*, 2011 Guam 1, are not present when a defendant is appointed counsel and the delay between the Complaint and the arraignment is partially attributed to the time necessary for a defendant to meet and confer with his appointed attorney. 2011 Guam 1 ¶ 53(quoted by *Rasauo*, 2011 Guam 14 ¶ 10).

The Office of the Attorney General has argued in several cases that any delay of arraignment occasioned by a continuance granted by the magistrate court should be excused for good cause. The Court disagrees that a bright line rule of any delay caused by a court's calendaring of a criminal matter is automatically good cause under the 60 day rule. Guam's Supreme Court makes it clear that it intended the court and its officers to be subject to the prompt arraignment rule put forth in *Rasauo II*. *Rasauo*, 2011 Guam 14 ¶ 12; 8 GCA § 80.50(a)("It shall be the duty of all courts and judicial officers ... to expedite such proceedings to the greatest degree that is consistent with the ends of justice"). *See also People v. Ilemelong*, CF150-10 (Super. Ct. Guam Jan. 13, 2012).

Further, the Court rejects the contention that any length of delays caused by the time provided to a defendant to meet and confer with an attorney is automatically good cause. The Court finds that a reasonable amount of delay attributed to the time a defendant needs to meet and confer with an attorney is good cause for purposes of the 60 day rule. *Cf. Flores*, 2009 Guam 22 ¶ 38.

The Public Defender Service Corporation argued that a reasonable amount of time for a defendant to meet and confer with an attorney prior to arraignment is no more than one (1) week. *See e.g.* Decl. of PDSC Investigator Sea Aguon Cruz, CM1211-10 (Dec. 21, 2011).

The Court finds that twenty-one (21) days[5] is not an excessive amount of time for a

---

[4] Proper notice includes any of the following circumstances: (i) notice provided by a properly served summons, (ii) notice to appear is provided to a defendant, or (iii) notification that occurs when a defendant is present and hears the court determine the date and time of the continued arraignment.
[5] 21 days between August 17, 2011 and September 7, 2011.

court to provide a defendant to meet and confer with his attorney prior to being arraigned. Since the onus is on all judicial officers and the prosecuting attorneys to ensure that a defendant is promptly arraigned, the Court holds that reasonable time, in the context of a continued arraignment after a defendant is appointed counsel, means no more than thirty (30) days[6]. 8 GCA § 80.50(a). Thus, the delay in this case is not unreasonable, hence this case should not be dismissed for the violation of the 60 day rule.

For all of the foregoing reasons, since there is good cause shown for the entire duration of the violation of the 60 day rule, Defendant's Motion is DENIED. A criminal trial setting shall occur on February 27, 2012 at 9:30 p.m.

**IT IS SO ORDERED** this 16th of February, 2012.

**HONORABLE ELIZABETH BARRETT- ANDERSON**
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam.

FEB 1 6 2012

Henric J. Mendiola
Deputy Clerk, Superior Court of Guam

---

[6] The Court encourages the arraignment judge to consider only granting continuances for a defendant to meet with appointed counsel of two (2) weeks or less in light of the *Rasauo II* decision; however, the Court accepts that up to thirty (30) days is reasonable.